## ARTHUR, Collector, v. PASTOR & Others.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued October 15th, 1883.—Decided November 5th, 1883.

*Customs Duties—Wool.*

The statute imposing duties divides foreign wool into three classes, and enacts, among other things, that the duty on wool of the first class, which shall be imported washed, shall be twice the amount of the duty to which it would be subjected if imported unwashed; and further, that wools of that class shall pay a specific duty per pound, and an ad valorem duty in addition. *Held,* that the specific duty by weight is to be calculated on the same number of pounds in each case, and is to be twice the amount for washed wool that it is for unwashed; and that the ad valorem duty on washed wool is to be twice the ad valorem duty on the same number of pounds of unwashed wool.

This action was brought by the defendants in error to recover from the defendant below, now plaintiff in error, money alleged to have been illegally exacted and paid under protest, as customs duties upon an importation of wool. Upon the facts set out in a bill of exceptions, and in respect to which there is no dispute, there was a verdict and judgment for the plaintiff below, upon a charge of the court to that effect, to review which this writ of error is prosecuted, the error alleged being that, upon the law of the case, the verdict and judgment should have been rendered for the plaintiff in error.

The importation, which took place January 3d, 1876, consisted of 3,294 pounds of washed wool of class 1, tariff schedule L, the dutiable appraised value of which, in its washed condition, was $1,627, or 49.49 cents per pound. Had it been imported in an unwashed condition, the dutiable appraised value thereof would have been $813.50, or 24.69 cents per pound.

There were three grades or descriptions of wool known to the trade, rated as to value according to the degree to which they had been freed from impurities, by processes of cleaning, known as unwashed, washed, and scoured wool; and their cost and value were determined in a corresponding proportion,

washed wool being worth twice and scoured wool three times that of unwashed wool.

The same distinction, for the purposes of the law, was made in the provisions of the tariff act then in force. By the terms of that act (Rev. Stat., title XXXIII., schedule L) foreign wools were divided into three classes; the first clothing wools, the second combing wools, the third carpet wools and other similar wools. It was provided that "the duty upon wool of the first class, which shall be imported *washed,* shall be twice the amount of the duty to which it would be subjected if imported *unwashed ;* and the duty upon wool of all classes, which shall be imported *scoured,* shall be three times the duty to which it would be subject if imported *unwashed.*"

It was then provided that the duty to be levied should be as follows:

"Wools of the first class, the value whereof at the last port or place whence exported to the United States, excluding charges in such port, shall be thirty-two cents or less per pound ; ten cents per pound, and in addition thereto eleven per centum ad valorem. Wools of the same class, the value whereof at the last port or place whence exported to the United States, excluding charges in such port, shall exceed thirty-two cents per pound ; twelve cents per pound, and in addition thereto ten per centum ad valorem."

The collector, in making his assessment upon the importation in question, exacted duty as follows:

| | |
|---|---:|
| On 3,294 pounds at 20 cts. per pound............. | $658 80 |
| On $1,627. (its value *washed*) at 22 per cent....... | 357 94 |
| Total................................. | $1,016 74 |

The importers protested that they should be charged, as an ad valorem duty, only $178.97, or one-half the amount charged and collected, being twenty-two per cent. on the reduced value of the wool, as if unwashed, making a difference of $178.97; which is the amount in controversy. It was proven on the trial that the value of that number of pounds of such wool, *unwashed,* would have been $813.50.

*Mr. Assistant Attorney-General Maury* for the plaintiff in error.

The case turns upon the meaning of the word "amount" in the clause of the act which says:

"The duty upon wool of the first class which shall be imported *washed*, shall be *twice the amount* of the duty to which it would be subjected if imported *unwashed*."

The difficulty in adopting the defendant's contention is that it sets up a changeable and inconstant standard, which Congress could not have intended.

It is submitted that it is much more reasonable to suppose that Congress used the word "amount," in the above collocation, as interchangeable with rate, than in its primary sense, necessitating, as the latter view does, the resort to an implication which looks very much like judicial legislation.

*Mr. Edward Hartley* and *Mr. Walter H. Coleman* for the defendants in error.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

After stating the facts as above recited, he continued:

The construction of the statute and the rule of computation, adopted by the collector, proceed upon the supposition that the rate of duty to be charged and collected upon washed wool is to be double that charged and collected upon the same weight and value of unwashed wool. Hence, because 3,294 pounds of unwashed wool would be chargeable with a duty of ten cents per pound, and eleven per cent. of its appraised value as unwashed wool, it is found that the same weight of washed wool would be chargeable with twenty cents per pound, and twenty-two per cent. of its appraised value as washed wool.

The error in this calculation clearly is in assuming that the same number of pounds of unwashed wool would be worth as much as washed wool, a supposition which is inconsistent with the fact as admitted, and with the evident meaning of the law. The language of the act of Congress is too plain to admit of doubt. It declares that the duty upon a given quan-

tity of washed wool shall be twice the amount of duty "to which it would be subjected if imported unwashed." By the terms of the comparison the weight is supposed to be the same in both cases—in the case, as actually presented, a quantity of wool weighing 3,294 pounds. Hence the duty, so far as determined by weight, is calculated upon the same number of pounds, being eleven cents a pound for the unwashed wool, and twenty-two cents per pound for the washed wool. But when the *ad valorem* duty is to be determined, the relative values necessarily determine its amount; and, as 3,294 pounds of unwashed wool is to be appraised at $813.50, while the same weight of washed wool would be twice that sum, or $1,627, it follows, that the duty on the latter is to be double that which the law imposes upon the former, namely, twenty-two per cent. of $813.50, which is equal to $178.97, and not twenty-two per cent. on $1,627, equal to $357.94, as charged by the collector. If the rule adopted by him should prevail, the amount of the *ad valorem* duty collected upon equal weights of unwashed and of washed wool, would be four times as great upon the latter as upon the former, for not only is the rate of duty doubled, but it is assessed upon double the value of the unwashed wool. But the statute expressly limits the duty in the case of washed wool to double the amount to which it would be subjected if imported unwashed.

It is admitted in argument that the letter of the law justifies, if it does not require this conclusion; but it is urged that the meaning of the statute requires the construction which would impose rates of duty upon washed wool double those imposed upon unwashed, calculated upon the weight and value of each separately considered. And this contention is maintained upon the argument that the contrary reading of the statute implies that Congress has made the appraised value of wool in its unwashed state the standard for determining the amount of *ad valorem* duty to be collected upon washed wool, which, it is insisted upon the argument, *ab inconvenienti*, is not admissible. But this is, not by implication merely, but expressly what the act declares; and any fancied or real objections to such a standard cannot affect the obvious meaning of the law. It is

obvious, however, that. the natural division of wools into the grades of unwashed, washed, and scoured, carried into the act as the ground of difference in the amount of duties to be assessed accordingly, fully explains the intention of Congress to tax the wool itself uniformly by varying the amount of duty according to the degree to which a given quantity has been freed, by processes of cleansing from the dirt and foreign matter with which, in its unwashed state, it is usually found.

There is no error in the record, and the judgment is

*Affirmed.*