(October 17, 1916.)

BERLIN MACHINE WORKS, a Corporation, Respondent, v. DEHLBOM LUMBER COMPANY, a Corporation, Appellant.

[160 Pac. 746.]

RES ADJUDICATA — EVIDENCE — FINDINGS OF FACT, DUTY OF COURT TO MAKE.

1. A plea of *res adjudicata* cannot be supported by evidence of another trial had between the same parties, involving the same subject matter, upon which nothing was determined; nor can the record of such trial have any weight as evidence at a subsequent trial.

2. It is the duty of the trial court to make findings upon each and every material issue arising upon the pleadings, upon which proof is offered, and upon its failure so to do the cause will be remanded for additional findings, unless such findings would not affect the judgment entered. It is immaterial whether the issues arise upon

the allegations of the complaint and answer or upon affirmative defenses alleged in the answer which, under the statute, are deemed denied.

[As to waiver of right to have findings of fact made by the court, see note in Ann. Cas. 1914D, 797.]

APPEAL from the District Court of the Eighth Judicial District for Bonner County.   Hon. Robt. N. Dunn, Judge.

Action to recover resaw and attachments sold under conditional sale.  Judgment for plaintiff.  Judgment reversed and cause remanded for additional findings and judgment in accordance therewith.

G. H. Martin, for Appellant.

The lower court erred in failing to make findings of fact, conclusions of law and judgment upon the first affirmative defense, pleading prior adjudication of the matters in controversy and pleading a counterclaim for the recovery of the purchase money paid less the expense of returning the resaw to the respondent and for a return of the purchase money notes, and entering judgment upon such findings accordingly.  (*Lorenzi v. Star Market Co.*, 19 Ida. 674, 115 Pac. 490, 35 L. R. A., N. S., 1142.)

A third person who comes into a pending action by intervention or interpleader setting up a claim to the subject of the controversy is concluded by the judgment, and if it is in his favor he may take advantage of it in any subsequent litigation in which the same question is raised and the same parties concerned.  (23 Cyc. 1248; *Curtis v. Bradley*, 65 Conn. 99, 48 Am. St. 177, 31 Atl. 591, 28 L. R. A. 143; *Austin v. Hamilton County*, 76 Fed. 208, 22 C. C. A. 128.)

This is an adjudication, which if not set aside or reversed on motion for new trial or appeal is binding and conclusive upon the parties forever after.  (Black on Judgment, sec. 703, p. 841; *Best v. Hoppie*, 3 Colo. 137; *Durand v. Essex Company*, 7 Wall. 107, 19 L. ed. 154.)

Where the vendor of property under a conditional sale contract elects to retake the property, he must return or

offer to return to the vendee any purchase money notes which he may have received, for the reason that he is not entitled to retake the property and also recover the price thereof. (*Peasely v. Noble,* 17 Ida. 686, 134 Am. St. 270, 107 Pac. 402, 27 L. R. A., N. S., 216; *Pease v. Teller Corp.,* 22 Ida. 807, 128 Pac. 981.)

This act of rescission on the part of the plaintiff was necessary to entitle it to the possession of the machine. (*Peasely v. Noble,* 17 Ida. 686, 134 Am. St. 270, 107 Pac. 402, 27 L. R. A., N. S., 216; *Wheeler & Wilson v. Teetzlaff,* 53 Wis. 211, 10 N. W. 155; *Seanor v. McLaughlin,* 165 Pa. 150, 30 Atl. 718, 32 L. R. A. 467.)

Allen P. Asher, for Respondent.

In the absence of any exception to the findings as made by the court having been taken in the lower court, it will be presumed that the findings of fact, conclusions of law and judgment upon the defendant's affirmative defense and counterclaim were waived by the defendant, and that the court made all necessary findings. (*People v. Hunt,* 1 Ida. 433; *Jensen v. Baumgarner,* 25 Ida. 355, 137 Pac. 529.)

Judgment of nonsuit in replevin or after a reversal in the higher court or the recovery by the defendant, if the plaintiff is nonsuited, is no bar to a new suit. (1 Van Fleet's Former Adjudication, 169, 193; *Manhattan Life Ins. Co. v. Broughton,* 109 U. S. 121, 3 Sup. Ct. 99, 27 L. ed. 878.)

Under this contract respondent has the right to the possession of the resaw without rescinding or canceling the contract, not only for its own protection but also for the protection of the defendant. (*Tufts v. D'Arcambal,* 85 Mich. 185, 24 Am. St. 79, 48 N. W. 497, 12 L. R. A. 446; *Latham v. Sumner,* 89 Ill. 233, 31 Am. Rep. 79; *Dodge v. Carter,* 140 Cal. 663, 74 Pac. 292; 1 Mechem on Sales, p. 510.)

BUDGE, J.—This action was brought by respondent to recover from appellant one band resaw, No. 285, and attachments, alleged to be of the value of $1,350. It is alleged in respondent's complaint that the machine was purchased

under a written contract which provided, among other things, that title to the band resaw and attachments should remain in the vendor until paid for in full.

It is also alleged in the complaint that prior to the commencement of the action to recover possession of the above-described personal property a proper demand was made therefor and possession thereof refused by appellant; that said personal property was not taken for any tax, assessment or fine pursuant to a statute, or seized under attachment or execution against the property of · respondent. Respondent prayed for judgment for the recovery of the above-described property, or its value in case delivery could not be had.

The appellant in its answer, among other things, denied the ownership or right to possession of the personal property above described in the respondent; denied that the value of said property was as alleged, to wit, $1,350. The appellant admitted in its answer the purchase from respondent under contract of the personal property described in the complaint, but denied that the said contract had not been carried out by the defendant and that it held the property wrongfully and without lawful right or title; denied that demand had been made upon it for return of the property, and affirmatively alleged that such demand as was made was coupled with conditions not provided for in said contract, and without return of or offer to return the purchase money notes executed according to the terms of said contract, and without return of or offer to return the purchase money paid according to the terms of said contract. Appellant admitted that the personal property had not been taken for any tax, assessment or fine pursuant to a statute, or seized under attachment or execution against the property of defendant.

As an additional affirmative defense the appellant alleged in its answer that there had been a former adjudication of the rights of the respondent under its contract, in a former action brought in the district court of the eighth judicial district on June 10, 1910, which action was brought by the respondent against the Bradford-Kennedy Company, wherein the appellant herein intervened and joined with the said

Bradford-Kennedy Company in resisting the respondent's right to the possession of the identical personal property sought to be recovered in this action, and as a further defense, and by way of counterclaim, the appellant set out the execution of the contract upon which this action is brought, the shipment to it by the respondent of the resaw and attachments involved in this litigation, and alleged that prior to March 1, 1910, it paid to the respondent on the purchase price of said resaw the sum of $739, and that at the time of the execution of said contract it executed and delivered to the respondent three promissory notes, one for $300 due in four months, one for $250 due in five months, and one for $300 due in seven months, with interest at seven per cent; that the respondent never offered to return the money paid or any part thereof, nor offered to return to appellant the notes above referred to, and affirmatively alleges that upon the plaintiff's election to rescind said contract on or about March 1, 1910, there became due from respondent to this appellant the sum of $739, less the expense of returning said resaw to Beloit, Wisconsin, which, it is alleged, did not exceed $200, and in addition thereto appellant alleges that it became entitled to the possession of said promissory notes, and prays judgment against respondent, should the relief in its answer be denied, that it then have judgment against respondent for $739, less the cost and expense of returning said resaw and attachments to Beloit, Wisconsin, and in addition thereto for the possession and cancelation of its said promissory notes.

Upon the issues thus made, briefly stated as above, the cause was tried by the court without a jury. The court, after hearing the evidence, made its findings of fact and conclusions of law, and entered its judgment wherein it adjudged and decreed that the respondent was entitled to the immediate and exclusive possession of the resaw, style No. 285, and attachments, and that in case delivery could not be had, that respondent was entitled to judgment against appellant for $1,350, its value, less such amounts as defendant may have paid thereon. And it was further adjudged and

decreed that appellant was entitled to the return of the unpaid notes. This appeal is from the judgment.. The appellant assigns and relies, for a reversal of this cause, upon five assignments of error, which are as follows:

First, the court failed to make findings of fact, conclusions of law and judgment upon the defendant's counterclaim.

Second, the court failed to make findings of fact or conclusions of law as to the right of the appellant to the possession of the purchase money notes.

Third, the court failed to make findings of fact, conclusions of law and judgment as to the affirmative defense pleaded by the defendant, namely, prior adjudication of the matter in controversy.

Fourth, the court erred in failing to sustain said defense of prior adjudication and in failing to dismiss the plaintiff's action.

Fifth, the court erred in denying the appellant judgment for the purchase money paid, less the cost of returning the resaw in controversy to Beloit, Wisconsin.

We will first consider appellant's third and fourth assignments of error, which involve the question of former adjudication. It appears from the record that after the appellant purchased the machinery described in respondent's complaint the same came into the custody of the Bradford-Kennedy Company, a corporation. Suit was thereupon instituted by respondent to recover possession of its property from the Bradford-Kennedy Company. An answer was filed by the latter company to the complaint of the respondent, and by permission of the trial court the appellant here was permitted to file its complaint in intervention.

On November 17, 1911, said cause being at issue, the same came regularly on for trial before the court and a jury upon the complaint of the Berlin Machine Works, plaintiff, against the Bradford-Kennedy Company, defendant, and the Dehlbom Lumber Company, intervenors. After the evidence of all the parties was offered and submitted, the Berlin Machine Works made a motion for a nonsuit against the intervenors, Dehlbom Lumber Company, which motion was by the trial

court granted, and the complaint of the intervenors dismissed. The trial court thereafter, upon motion of the Bradford-Kennedy Company and the intervenors, dismissed the action of the Berlin Machine Works against the Bradford-Kennedy Company. Judgments were thereupon entered accordingly. An appeal was prosecuted to this court by the Berlin Machine Works from the judgment of dismissal of its complaint against the Bradford-Kennedy Company. Upon motion the appeal was dismissed in this court upon the ground that the Dehlbom Lumber Company, Intervenors, had not been served with notice of appeal. (*Berlin Machine Works v. Bradford-Kennedy Company,* 21 Ida. 669, 123 Pac. 637.) In support of its plea of former adjudication the appellant relies upon the foregoing record evidence, which was admitted in evidence over the objection of counsel for respondent, and was uncontradicted. However, the court made no finding upon this issue.

If the evidence warranted a finding to the effect that there had been a prior adjudication between the parties to this action on the subject matter. involved in this controversy, necessarily judgment would have been for the appellant, and resulted in a dismissal of respondent's complaint. It was one of the material issues, and, therefore, clearly the duty of the court to make findings thereon.

We have concluded in view of the fact that we have the original record before us upon which counsel for appellant relies in support of his affirmative allegation, in his answer, of prior adjudication, that it will not be necessary to remand this cause upon this ground, but the findings will be corrected by the trial court. Upon investigation we are satisfied that the contention of appellant of former adjudication is not tenable. There was no final adjudication upon the merits of the action brought by the Berlin Machine Works against the Bradford-Kennedy Company, and the Dehlbom Lumber Company, intervenors. It is a well-established rule that a judgment of nonsuit does not terminate the rights of the parties, and is no bar to a new action. (*Homer v. Brown,* 16 How. 354, 14 L. ed. 970; *Gardner v. Michigan Cent. R. Co.,*

150 U. S. 349, 14 Sup. Ct. 140, 37 L. ed. 1107; *Jacob v. Day*, 111 Cal. 571, 44 Pac. 243.)   It is likewise true that a trial upon which nothing was determined cannot support a plea of *res adjudicata,* or have any weight as evidence at another trial.   (*Gould v. Evansville etc. R. Co.*, 91 U. S. 526, 23 L. ed. 416; *Manhattan Life Ins. Co. v. Broughton*, 109 U. S. 142, 3 Sup. Ct. 99, 27 L. ed. 878; *Nevills v. Shortridge*, 146 Cal. 277, 79 Pac. 972.)

We come now to a consideration of the first, second and fifth assignments of error, viz., that the court failed to make findings upon defendant's counterclaim to which reference has heretofore been made in the statement of facts.

An examination of the findings discloses the fact that the trial court failed to make any findings of fact with reference to appellant's counterclaim.   This, we think, under the well-established rule in this state, was error.

It is alleged in the counterclaim, among other things, that the contract for the sale of the resaw was entered into as alleged in respondent's complaint, and shipped to appellant from respondent's factory; that prior to March 1, 1910, the appellant paid to respondent on the purchase price of said resaw the sum of $739; that at the time of the execution of said contract the appellant executed and delivered to respondent three notes, of which mention has heretofore been made; that respondent has never offered to return the money or any part thereof, nor has it returned or offered to return to appellant the notes.   The appellant further alleges that upon the election of respondent to rescind the contract for purchase of the machinery, there became due, under its terms, from respondent to appellant, the sum of $739, less the expense of returning said resaw to respondent's factory at Beloit, Wisconsin, which, appellant alleges, would not exceed $200; and prays judgment against respondent for $739, less the cost and expense of returning the resaw to Beloit, Wisconsin, and for cancelation and surrender of the three promissory notes.   The trial court failed to find upon the issues thus made by appellant's counterclaim, viz., whether under the terms of the contract for the sale of the resaw and at-

tachments, and its subsequent repossession by respondent, it thereupon became indebted to appellant in the sum of $739, or any part thereof, or whether, under the terms of the contract, upon failure to pay in full for the resaw and attachments it was the duty of the consignee to return the resaw to Beloit, Wisconsin, and pay the expenses incident thereto, which amount should be deducted from the cash payments theretofore made upon the resaw; whether failure to return voluntarily said resaw forfeited all payments made upon the purchase price, or whether an offer by respondent to appellant to refund, in whole or in part, payments theretofore made upon the resaw was a condition precedent to its right to the possession of the resaw. The court also failed to find whether or not it was incumbent upon the respondent to return or offer to return the particular three unpaid promissory notes as a condition precedent to its right to the possession of the resaw. The court found as a fact that the resaw was worth $1,350. That was the contract price of the machinery when purchased by the appellant. Whether it was the intention of the trial court to find, under the terms of the contract of purchase that the payments made were in the nature of liquidated damages or for rent, and subject to forfeiture, we are not informed. The contract contains no such stipulation.

Adopting the latter portion of the court's finding of fact No. 4, that "the actual value of said personal property herein described is $1,350"; unless under the terms of the contract or under the evidence submitted on the trial, the purchase money paid by appellant upon the contract can be applied as liquidated damages, or rent for the use of the personal property, and thus forfeited, clearly appellant would be entitled to a finding in its favor and judgment based thereon for return of the purchase money paid less the expense of returning the machine to Beloit, Wisconsin. If there were no depreciation in the value of the personal property, as found by the trial court, and payments made thereon are not subject to forfeiture, the respondent could

not retake the property and withhold the entire amount of the purchase price paid thereon.

An examination of the contract will disclose the following provision: In case of rejection of the resaw and attachments, or failure to pay therefor as provided in the contract, "consignee shall at once return and deliver the property in good order to consignor, f. o. b. Beloit, Wisconsin, . . . . and that the expense of so doing shall be paid by the purchaser."

In the absence of any further stipulation or proof of forfeiture of the purchase money paid, while the authorities are divided, it would seem to us that the contract by its terms limits the forfeiture and that the trial court should be controlled thereby. Parties may, in contracting, provide penalties for nonperformance, but unless they do so in unmistakable language, courts will not insert them.

The trial court's fifth finding of fact is as follows: "That the plaintiff is entitled to the immediate, peaceable and exclusive possession of said personal property described in paragraph 2 of these findings, on surrender to defendant of the unpaid notes of defendant amounting to $750 now held by plaintiff." This finding would seem to indicate that if the respondent surrendered unpaid notes amounting to $700, it would then be entitled to the immediate, peaceable and exclusive possession of the machinery involved in this litigation. This finding is somewhat indefinite and uncertain. It is alleged in appellant's affirmative defense by way of counterclaim that at the time of the execution of the contract for the purchase of the machinery involved in this litigation, the appellant executed and delivered to the respondent three promissory notes, one for $300, due in four months, one for $250, due in five months, and one for $300, due in seven months. From the record it appears that all of the above notes are dated January 9, 1909. These are the notes that are sought to be canceled by the appellant, and, from an examination of the contract, are the only notes given in connection with this transaction. These clearly cannot be the notes referred to in the court's fifth finding of fact. The cancelation of these notes was one of the material issues

made by the pleadings and upon which evidence was introduced. It therefore became the duty of the court to find upon this issue.

If it was the intention of the trial court that the above-described notes were to be canceled and surrendered as a condition precedent to the right of the respondent to the exclusive possession and right to the possession of the resaw and attachments, a finding should have been made by the trial court upon this issue. The finding as made, to which attention has been called, is not, in our opinion, a sufficient finding upon this issue.

In its finding of fact No. 3, the court finds, among other things, that the appellant has at all times in said complaint mentioned held said personal property wrongfully and unlawfully and without lawful right or title. This finding of fact would seem to conflict with finding No. 5. If it was the duty of the respondent company, before it could lawfully repossess itself of the personal property described in its complaint, to surrender to appellant the unpaid notes ''of defendant amounting to $700, now held by plaintiff,'' which was a condition precedent, the possession by appellant of such personal property would not be unlawful until a fulfilment of the condition precedent, viz., the surrender or offer to surrender to defendant the unpaid notes of defendant amounting to $700 now held by plaintiff. (*Segrist v. Crabtree*, 131 U. S. 287, 9 Sup. Ct. 687, 33 L. ed. 125.) This finding of the court is not based upon any evidence in the case. The material issue between respondent and appellant, upon which it was the duty of the court to find, was: ''Was the respondent required, as a condition precedent to its right to the possession of the personal property described in its complaint, to surrender or offer to surrender the unpaid promissory notes described in appellant's affirmative answer and counterclaim''; upon which the court failed to find.

In its judgment the court decrees, *inter alia*, that the respondent is entitled to the exclusive possession of the personal property described in its complaint, and that in case delivery cannot be had thereof, is entitled to judgment

against appellant for $1,350, the value of said personal property, less such amount as defendant may have paid thereon. The court failed to find what amount, if any, had been paid on the purchase price of the personal property by the appellant to the respondent   Consequently this part of the judgment is not sustained by the findings.

If we could construe the court's language in its findings of fact to mean that the unpaid purchase notes were to be returned to the appellant as a condition precedent to the right of the respondent to the possession of the personal property, still the judgment could not be sustained, because the court has utterly failed to find the amount of the purchase money paid by the appellant to the respondent, and has decreed in its judgment that the respondent shall have judgment, in case delivery of the personal property cannot be had, for $1,350, less such amount as appellant may have paid thereon.   Therefore, it would be impossible to determine from the findings the amount that should be deducted from the judgment of $1,350.

Turning now to the contract, the basis of respondent's cause of action, we find the following provision: "That in case of failure to pay any of the payments as herein agreed, that all shall at once become due and payable and that the consignor or its agent may (at its option) without legal process, take possession of and return to consignor at Beloit, Wisconsin, the above-described property, and that the expense of so doing shall be paid by the purchaser." While this was one of the material issues raised by the affirmative allegations in appellant's answer and counterclaim, and upon which proof was offered, no finding upon this issue was made by the trial court.   It would seem from the stipulations of the contract heretofore quoted that in any event the expense of returning the personal property to Beloit, Wisconsin, must be borne by the consignee.   It was affirmatively alleged in appellant's counterclaim that it was entitled to judgment against the respondent for $739, paid on the purchase price of the personal property, less the expense of returning such property to Beloit, Wisconsin.   There was no finding of the

trial court upon this issue. Should the court reach the conclusion under the terms of the contract, or under the evidence as a whole in this case, that as a condition precedent the respondent must pay or tender to the appellant the payments made upon the purchase price of the personal property, by the appellant, less the expense of returning the property to Beloit, Wisconsin, it would follow that judgment for such amount as the court may find would be for the appellant. The trial court failed to find the amount paid upon the purchase price of the machinery, the expense of returning the property under the contract to Beloit, Wisconsin, and whether or not the payments made upon the purchase price were forfeited under the facts in the case or under the terms of the contract; all of which questions of fact were material issues raised by the pleadings, upon which it was the duty of the trial court to find.

This court held on rehearing in the case of *American Min. Co. v. Trask,* 28 Ida. 650, 156 Pac. 1139, that where it appears that the trial court has failed to make findings of fact upon each and all of the material issues made by the pleadings, the judgment will be reversed and the cause remanded for additional findings.

In the case of *Jensen v. Bumgarner,* 25 Ida. 355, 137 Pac. 529, this court held that there must be a finding of fact upon each and every material issue made by the pleadings, and the failure to so find upon each and every material issue is ground for reversal.

In *Lorenzi v. Star Market Co.,* 19 Ida. 674, 115 Pac. 490, 35 L. R. A., N. S., 1142, this court held that where a defendant files a separate answer setting up affirmative matter constituting a defense, it is error for the trial court to fail to make findings on the issues thus raised, where a finding favorable to the defendant on the issue presented would defeat the plaintiff's right of recovery.

As stated by this court in the case of *Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490, the rule is well established in this state that when the court fails to find on all of the material issues, the judgment will be reversed unless a finding thereon

either for or against the successful party would not affect the judgment entered, which rule the court holds applies to all material issues made by affirmative defenses, and quoting from 2 Spelling on Appellate Practice, sec. 591, says: ''It is immaterial whether the issue arise upon allegations in the complaint, and denial in the answer, or upon an affirmative defense pleaded in the answer, and treated as denied by the plaintiff.'' All affirmative allegations contained in appellant's counterclaim were, under the statute, deemed denied by the respondent, and therefore became material issues in the case, and it was the duty of the trial court to make findings upon all the material issues raised in appellant's affirmative defenses, upon which proof was submitted. As this record now stands, we are unable to determine from the court's findings of fact and conclusions of law, upon what the judgment of the trial court is based, in the absence of specific findings upon all of the material issues.

An examination of the judgment suggests a query as to its finality wherein the court decrees that the respondent is entitled to the possession of the resaw and attachments, and in case delivery cannot be had, to judgment against defendant for $1,350, its value, less such amount as defendant may have paid thereon. What amount has been paid must be ascertained from some source other than the court's findings, conclusions of law, or the judgment itself.

The judgment in this case is reversed, and the cause remanded with instructions to the trial court to make additional findings upon all of the material issues arising from the pleadings, and to make and enter its judgment in accordance therewith. Costs are awarded to appellant.

Sullivan, C. J., and Morgan, J., concur.