WILLIAM ERICKSON, Appellant, v. MARY H. WINE-GAR, Respondent.

[236 Pac. 870.]

ACTION TO QUIET TITLE—FINDINGS—PAYMENT OF TAXES—MATERIAL ISSUES.

1. There must be a finding upon every material issue whether raised on the complaint or upon an affirmative defense alleged in the answer.

2. Failure to so find is ground for reversal unless such a finding for or against the successful party would 'not affect the judgment entered.

3. In an action to quiet title, where such title is based on adverse possession, the payment of taxes' is a material issue.

4. Findings herein examined and held to be insufficient.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. George W. Edgington, Judge.

Action to quiet title. Judgment for defendant. *Reversed and remanded.*

H. W. Soule, for Appellant.

There must be a finding upon every material issue, whether raised on the complaint or upon an affirmative de-

fense alleged in the answer. (*Carson v. Thews*, 2 Ida. 176, 9 Pac. 605.)

Failure to find upon all the material issues is ground for reversal. (*First National Bank of Lewiston v. Williams*, 2 Ida. 670, 23 Pac. 552; *Standley v. Flint*, 10 Ida. 629, 79 Pac. 815.)

Payment of taxes, continuously for five years on the land in dispute by one claiming title by adverse possession is an absolute and indispensable requirement under the statute. (C. S., sec. 6603; *Brose v. Boise City Ry. Co.*, 5 Ida. 694, 51 Pac. 753; *Urquide v. Flanagan*, 7 Ida. 163, 61 Pac. 514; *Dickerson v. Hansen*, 32 Ida. 18, 177 Pac. 760; *Blayden v. Morris*, 37 Ida. 37, 214 Pac. 1039; *Pleasants v. Henry*, 36 Ida. 728, 213 Pac. 565.)

The rule that failure to find upon the material issues is ground for reversal applies to issues raised by affirmative defense. (*Wood v. Broderson*, 12 Ida. 190, 85 Pac. 490.)

Geo. H. Lowe, for Respondent, cites no authorities on points decided.

GIVENS, J.—Appellant Erickson sued respondent Mary H. Winegar to quiet title to certain real property which respondent claimed by adverse possession. Judgment was entered by the court in favor of respondent and this appeal taken therefrom.

Among other assignments of error it is contended by appellant that the trial court made no finding as to the payment of taxes upon the land.

There must be a finding upon every material issue (*Wilson v. Wilson*, 6 Ida. 597, 57 Pac. 708), whether raised by the complaint or upon an affirmative defense alleged in the answer. (*Carson v. Thews*, 2 Ida. 176, 9 Pac. 605; *Wood v. Broderson*, 12 Ida. 190, 85 Pac. 490.) Failure to so find is a ground for reversal unless such a finding for or against the successful party would not affect the judgment entered. (*Wood v. Broderson, supra; Brown v. Macey*, 13 Ida. 451, 90

Pac. 339; *Farmers' etc. D. Co. v. Nampa etc. Irr. Dist.,* 14 Ida. 450, 94 Pac. 761; *Uhrlaub v. McMahon,* 15 Ida. 346, 97 Pac. 786; *Jensen v. Bumgarner,* 26 Ida. 355, 137 Pac. 529.)

A portion of paragraph four of defendant's amended answer being:

"And that during the said time, defendant and her grantors and predecessors in interest have paid the taxes upon the two said strips of land."

The payment of taxes is a material issue and thus raised by the pleadings. (C. S., sec. 6603; *Blayden v. Morris,* 37 Ida. 37, 214 Pac. 1039; *Meyer v. Schoeffler,* 39 Ida. 500, 227 Pac. 1061.)

The only findings in the record are those found in the judgment, as follows:

"The court finds that the defendant and her grantors and predecessors in interest have been in the undisputed possession of the said two last described strips of land; and that they have been in the open, notorious, exclusive and adverse possession of the said land for more than nine years before the commencement of this action; and that the defendant and her grantors and predecessors in interest have farmed, controlled and operated the said land for more than the last nine years before the commencement of this action; and that they have had the same fenced with their other land for more than nine years; and that the plaintiff and his grantors and predecessors in interest and the defendant have recognized the division fences separating the land of plaintiff and defendant for more than nine years before the commencement of this action; and that the said division fences were established as the division lines between the property of plaintiff and defendant more than nine years ago and for more than nine years after said time the said lines were recognized as the division lines, and that the said two strips of land are lying with the fence inclosed land of defendant; and that the same have been inclosed with a fence with the other land of defendant for more than nine years, and that for more than nine years before the commencement

of this action the defendant and her grantors and predecessors in interest have in every way held exclusive and complete control thereof and have farmed the same without objection and have taken the proceeds of the said land.''

From which it appears that there is no finding as to the payment of taxes and such finding would affect the judgment. (*Wood v. Broderson, supra; Stoneburner v. Stoneburner,* 11 Ida. 603, 83 Pac. 938; *Sterrett v. Sweeney,* 15 Ida. 416, 128 Am. St. 68, 98 Pac. 418, 20 L. R. A., N. S., 963; *Dickerson v. Hansen,* 32 Ida. 18, 177 Pac. 760; *Tyee Consol. Min. Co. v. Langstedt,* 121 Fed. 709, 58 C. C. A. 129.)

Having reached this conclusion we will not consider the other errors assigned but will reverse and remand the case, and it is so ordered. Costs awarded to appellant.

Wm. E. Lee, Budge and Taylor, JJ., concur.