(No. 5461. June 3, 1930.)

FINIS BENTLEY, Appellant, v. W. F. KASISKA and E. C. WHITE, Respondents.

[288 Pac. 897.]

Merrill & Merrill, for Appellant.

Witty & Anderson, for Respondents.

McNAUGHTON, J.—This is an action by Mr. Bentley, of the firm of White & Bentley, to recover $1590, alleged to

be the reasonable value of legal services claimed to have been rendered for the defendant Kasiska, by plaintiff on his own personal account as distinguished from the firm account. It is claimed the services were rendered at different times during a period of years; that during the time these services were rendered the plaintiff was associated with E. C. White and doing business under the firm name and style of White & Bentley. It is further alleged that under an agreement with E. C. White plaintiff was to recover the compensation for all services rendered by him for the defendant W. F. Kasiska. A bill of particulars was demanded. A statement of the items of business and fees charged was furnished the defendant.

The answer admitted plaintiff's qualifications as an attorney. It denied all other allegations of the complaint. The answer affirmatively states that the defendant employed E. C. White personally to perform the alleged services, and denies employing either plaintiff or the firm. It alleges that E. C. White was at all times mentioned indebted to the defendant in a sum in excess of $20,000.

Plaintiff testified to an arrangement with White whereby he was personally to receive these fees. White's testimony contradicts it.

Plaintiff testified he was employed by the defendant Kasiska to perform the services claimed and that defendant promised to pay him for them. On the witness-stand defendant flatly denied this as to each item claimed.

At the conclusion of the trial the district court entered findings of fact and conclusions of law and a judgment dismissing the action on its merits. Upon appeal plaintiff specifies error by appropriate assignments. He relies mainly upon two points. First: It is claimed the trial court erred in not permitting the appellant to testify with respect to the time he concluded the work itemized in the statement. We find the trial court was liberal in receiving testimony offered. This testimony was received at folios later than those referred to in the assignment. The record shows sufficient latitude was given plaintiff in receiving testimony.

Second: It is claimed the findings of fact are insufficient to sustain the judgment, in that they are only conclusions of law.

The findings of fact entered by the trial court are as follows:

"I.

"The court finds that the plaintiff was a duly authorized and licensed practitioner of law in the State of Idaho.

"II.

"The court finds that the plaintiff has failed to sustain the burden of proof that the defendant is indebted to the plaintiff on an open account for services rendered and performed for the defendant and at defendant's special instance and request of the reasonable value and worth Fifteen Hundred ninety and no/100 ($1590.00) Dollars, or any other sum.

"III.

"The court finds that no part of the sum claimed by the plaintiff has been paid.

"IV.

"The court finds that the plaintiff has failed to sustain the burden of proof that any sum is wholly due or owing at all.

"V.

"The court finds that during the period of time over which the plaintiff claimed to have rendered services for the defendant, the plaintiff was associated with one E. C. White, and that the plaintiff and E. C. White were conducting business under the firm name and style of White and Bentley.

"VI.

"The court finds that the plaintiff has failed to sustain the burden of proof that all of the services claimed to have been rendered by the plaintiff for the defendant and for which compensation was asked by this action were personally performed by the plaintiff under a special or any agreement with the said E. C. White that the plaintiff was

to be paid in full for all services rendered by him for the defendant.

## "VII.

"The court finds that during the space of time during which compensation is claimed herein, that both the plaintiff and E. C. White, as composing the partnership of White and Bentley, performed some legal services for the defendant.

## "VIII.

"The court finds that the plaintiff has failed to sustain the burden of proof that there were various or any legal services performed by the plaintiff or E. C. White for the defendant of which the plaintiff kept no account or record; or that none of said legal services were included in the account claimed by the plaintiff of Fifteen Hundred Ninety and no/100 ($1590.00) Dollars.

## "IX.

"The court finds that the plaintiff has failed to sustain the burden of proof that by reason of the said E. C. White rendering certain legal services to the defendant, in which the plaintiff did not participate, and from which the plaintiff received no compensation or benefit, it was agreed that the plaintiff should receive compensation for services rendered by him to the defendant.

## "X.

"The court further finds that the defendant, W. F. Kasiska, and the defendant E. C. White had an agreement whereby for the help, aid, and assistance that the defendant W. F. Kasiska, gave to said White in his business, that said E. C. White was to represent said W. F. Kasiska in any legal matters that said W. F. Kasiska had, free of charge; that the agreement between the defendants, White and Kasiska, was entered into prior to the formation of the partnership between plaintiff and defendant, White, and that said Kasiska was never, at any time notified of any modification or change in said arrangement.

"XI.

"The court further finds generally that the plaintiff has failed to sustain the burden of proof and that the plaintiff is entitled to recover nothing."

While this was a law action, it was tried by the court without a jury. C. S., sec. 6866, provides:

"Upon a trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within 20 days after the cause is submitted for decision."

C. S., sec. 6867, provides:

"In giving the decision, the facts found and the conclusions of law must be separately stated. Judgment upon the decision must be entered accordingly."

■■ In *Berlin Machine Works v. Dehlbom L. Co.*, 29 Ida. 494, 160 Pac. 746, this court announced the following rule:

"It is the duty of the trial court to make findings upon each and every material issue arising upon the pleadings, upon which proof is offered, and upon its failure so to do the cause will be remanded for additional findings, unless such findings would not affect the judgment entered."

This rule has been repeatedly announced by this court. (*Uhrlaub v. McMahon*, 15 Ida. 346, 97 Pac. 784; *Storey & Fawcett v. Nampa etc. Irr. Dist.*, 32 Ida. 713, 187 Pac. 946; *Guthrie v. Ensign*, 36 Ida. 673, 213 Pac. 354; *Koon v. Empey*, 40 Ida. 6, 231 Pac. 1097; *Erickson v. Winegar*, 41 Ida. 1, 236 Pac. 870.)

■ Findings of fact should be conclusive, not evasive. For instance, the force of the sixth finding in question is rendered evasive by referring to "all" rather than "any part" of the services claimed. The ninth finding is equally bad as evasive. The important matter is whether plaintiff proved the ultimate agreement relied upon, not that he failed to prove it by a certain reason. The findings of fact which are mere conclusions of law on the whole case, such as the second, fourth and eleventh, of course we must disregard.

■ It is not a conclusion of law for the trial judge to find the plaintiff has not sustained his allegations on an issue. But in such case the trial judge must specify the ultimate alleged fact or facts found not sustained by the evidence. (*Fitzpatrick v. Sletten,* 117 Or. 173, 242 Pac. 1114.)

■ By material issues is meant issues the findings on which are sufficient to justify a judgment completely adjudicating all matters in dispute, notwithstanding what the finding might be on any other issue or issues raised by the pleadings. (*Reno v. Richards,* 32 Ida. 1, 178 Pac. 81.)

■ From an examination of the record in this case we find the evidence sharply conflicting on all the important issues. We cannot say there is a direct finding on material issues sufficient to warrant this judgment. It may be that the trial court meant the sixth finding conclusive as to *any* part of the claim, and meant to find by the ninth that plaintiff failed to prove *any* agreement between White and Bentley whereby the plaintiff was to personally receive the compensation for any services rendered by him to Mr. Kasiska. However, such is not the case, and we cannot supply such findings, because the power and duty of determining the facts where there is a substantial conflict in the evidence is with the trial judge.

■ Respondent suggests that he moved for nonsuit and that the judgment entered may be treated as the granting of the nonsuit. We cannot reach that conclusion, for this is a final judgment on the merits and a dismissal on nonsuit is not on the merits. (C. S., sec. 6831.)

The trial judge having failed to make direct specific findings of fact on the issues deemed material to a judgment of dismissal, the judgment is reversed, with directions to the trial court to make and enter its findings of fact on the issues specifically, and enter its conclusions of law and judgment in accordance therewith.

Costs to appellant.

Givens, C. J., and Lee and Varian, JJ., concur.