274 P.2d 829

STATE of Idaho, on relation of Drs. V. A. WOLFLEY, Aubrey P. Andelin, Joseph Bennett and Dwight Lenzi, Plaintiffs and Appellants,

v.

Donald K. OSTER, d/b/a American Dental Repair Laboratory, Defendant and Respondent.

No. 8177.

Supreme Court of Idaho.

Oct. 1, 1954.

A. A. Merrill, Idaho Falls, for appellants.

Frank F. Church, Boise, for respondent.

KEETON, Justice.

In a complaint filed June 5, 1953, plaintiffs, appellants here, alleged that defendant, respondent here, was practicing den-

tistry without a license, as defined by Section 54–901 I.C., as amended Ch. 105, 1953 S.L., page 138, in the following particulars:

"a. By examining for diagnosis, treatment, repair, replacement, substitution and correction of the teeth, gums, alveolar processes, jaws, or adjacent tissues of other persons.

"b. Diagnosing for disease, pain, injury, deficiency, deformity or physical conditions of others.

"c. Treating, prescribing, repairing, taking impressions, fitting, replacing, substituting or correcting teeth of others.

"d. Cleaning, polishing, or removing stains or concretions."

The complaint further alleges:

"That the defendant is engaged in the practice of dentistry as aforesaid, and is not employed by a dentist or authorized by a dentist to do any of the things herein mentioned and in holding himself out to other persons and to the public as qualified and licensed to practice dentistry and in representing himself to be a dentist to others within the State of Idaho, whereas, in truth and fact said defendant is not a dentist, and is not qualified to be a dentist, has not past (sic) the dental bar, and is not qualified to practice dentistry as prescribed by said Chapter 9—Dentists —Idaho Code and especially Section 54–915 Idaho Code."

An injunction was sought as authorized by Section 54–923 I.C. amended 1949 S.L. Ch. 102, § 33, Page 177. Defendant answered the complaint, admitted the operating of a dental laboratory under the name of American Dental Repair Lab., admitted that he was not qualified to practice dentistry, denied that he was, and denied other allegations of the complaint. On issues thus joined the matter was heard and the court made findings of fact and entered a decree perpetually restraining defendant from taking impressions of the mouths of other persons, examining the mouth of another to locate sore spots for the purpose of fitting dentures, and from examining the mouth of another person for the purpose of recommending, or from recommending or prescribing the type or kind of dentures said person should procure. From this decree plaintiffs appealed contending that they are entitled to a decree perpetually enjoining defendant from practicing dentistry in violation of the dental code, Section 54–901 I.C. et seq.

Respondent did not appear in this Court, filed no brief and made no argument. He did advise the Court in a letter that it was his contention that the questions submitted by appellants on appeal are moot. No showing was made in support of such contention.

Appellants contend that the decree is too limited and should be extended to cover other acts shown by the transcript to have been done by defendant and that defendant

474

should be enjoined from practicing dentistry.

The practice of dentistry is defined in Section 54–901 I.C. as amended by the 1953 S.L. Ch. 105, page 138.

By the provisions of this section, the doing of any of the acts enumerated therein for a direct or indirect consideration is defined as practicing dentistry.

An examination of the transcript discloses by either uncontradicted testimony or by admissions of defendant that he is not a dentist or the employee of a dentist; that he was, for a consideration paid or to be paid, doing various acts in the repair, replacement and substitution of teeth in dentures; that he made repairs on and duplicates of such dentures; that he repaired and fitted, replaced, substituted and cleaned the dentures of other persons for a consideration, and corrected dental prosthetic appliances on dentures for others; further that he advertised in a newspaper at various times of the work he was doing, and solicited business.

The doing of the acts found by the District Judge to have been performed by defendant and other acts shown by the transcript to have been done constitute practicing dentistry. While the transcript does not disclose that defendant did all the acts defined as practicing dentistry and enumerated in the statute, Section 54–901 I. C., it does establish that a number of such acts were committed by defendant. From the facts so proved, found or admitted, it was clearly established that defendant was practicing dentistry without a license and without the qualifications required for such practice.

■ Appellants assign as error the failure of the trial court to make findings on all material issues. The court found that defendant had done three things defined as practicing dentistry. The court should make findings on all material issues. Erickson v. Winegar, 41 Idaho 1, 236 P. 870; Fairbairn v. Keith, 47 Idaho 507, 276 P. 966; Bentley v. Kasiska, 49 Idaho 416, 288 P. 897.

In the answer filed by defendant he did not allege that the dental code, Section 54–901, et seq., I.C., under which the proceedings were conducted was unconstitutional. However, by a motion made in the trial court and by oral argument there had, he did challenge the constitutionality of the act, and the court ruled adversely to his contention.

■ From the decree and rulings made adverse to defendant, he did not appeal, and the question of the constitutionality of the statute under which defendant was charged is not before us for review, and will not be discussed or decided.

The cause is remanded and the trial court is directed to make findings of fact specifying the particular forbidden acts the evidence shows defendant was doing and defined as practicing dentistry, and to

enter a permanent injunction restraining him from doing said acts or any of them, and from practicing dentistry as defined by the dental code. Costs to appellants.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.