531 P.2d 584

PERRY PLUMBING CO., an Idaho Corporation, Plaintiff-Respondent, Counter-Defendant,

v.

Paul SCHULER and Dorin A. Schuler, Defendants-Appellants, Counter-claimants.

No. 11474.

Supreme Court of Idaho.

Feb. 3, 1975.

Lloyd J. Walker, Twin Falls, for defendants-appellants.

John A. Doerr, Twin Falls, for plaintiff-respondent.

McQUADE, Chief Justice.

This is an appeal in an action for the foreclosure of a mechanic's lien. On October 8, 1971, Perry Plumbing Company, an Idaho corporation, (hereinafter referred to as respondent) began to furnish material and labor for the installation of plumbing in a residence being build for Paul and Dorin Schuler (hereinafter referred to as appellants) in Blaine County. The work done and materials furnished were in the capacity of a subcontractor, at the request of both the prime contractor, Bill Butler, and the appellants. The prime contractor is not a party to this action. During the course of the work, and prior to December 24, 1971, the respondent installed among other things, a copper elbow in the interior of the home.

The appellants moved into their house on the 24th of December and resided therein until the 8th day of January 1972. The appellants thereafter departed the house and while the home was unoccupied, the copper elbow fractured, flooding the house and damaging it. The trial court found that the room in which the elbow ruptured was unheated; that the outside temperature was 27° below zero the night before the break was discovered and that the elbow was located on an outside wall of the house.

Respondent claimed that the reasonable value of the materials and work that it furnished amounted to $5,467.30. The appellants remitted $3,500.00 on the account. On April 28, 1972, respondent recorded a claim of lien in writing in the office of the County Recorder of Blaine County for the $1,967.30 still due.

To foreclose this lien, respondent filed a complaint against the appellants. Appellants denied the allegations in the complaint and counterclaimed for damages caused to their premises due to the alleged negligence of the plaintiff in installing and furnishing the plumbing materials. The appellants also made a motion to amend their pleadings to conform to the evidence after the matter was tried. Appellants alleged as additional theories for recovery, breach of warranty and strict liability in tort, claiming that the pipe installed was of faulty manufacture and not suited for the purpose for which it was sold.

The trial court found for the respondent. It made the following conclusions of law:

1. Paul Schuler is indebted to Perry Plumbing Co. in the amount of $1,967.30.

2. Perry Plumbing Co. has a lien on the described premises owned by Paul Schuler and Dorin A. Schuler to secure the payment of the sum of $1,967.30, plus interest, and costs of suit.

3. Perry Plumbing Co. is entitled to have said lien foreclosed by a sale of the described premises.

4. Paul Schuler and Dorin A. Schuler did not prove the claimed negligence of Perry Plumbing Co., nor did they prove their claimed damages.

We affirm the first three conclusions of law of the trial court, but reverse its final conclusion of law and remand for further proceedings in conformity with this opinion.

**496**

■ Appellants attack the following findings of fact made by the trial court: (1) that $1,967.30 remained owing to the respondent as the reasonable value of the service and materials furnished; (2) that the room in which the elbow ruptured was an unheated room and that the elbow which ruptured was located on an outside wall of the house. The trial court's factual findings are amply supported by the record. It is well established that a trial court's findings of fact, when supported by competent and substantial evidence, will not be disturbed on appeal. [1]

■ Appellants in attacking the second and third conclusions of law, contend that the respondent's claim of lien to secure the $1,967.30 debt did not comply with the statutory requirements of Idaho law and therefore the lien could not be foreclosed by the sale of the premises in Blaine County. Although assigned as error, appellants have not explained in what way the lien was deficient. Appellants have not cited authority nor offered argument in their brief to substantiate this assignment of error. We therefore find it unnecessary to review it on appeal. [2]

Appellants other assignments of error relate to the trial court's fourth conclusion of law. Inasmuch as we are reversing that part of the judgment they can be discussed together. Basically appellants argue that in their counterclaim and amended counterclaim they raised three distinct theories for recovery, i. e., negligence, breach of warranty and strict liability in tort. Appellants attack the trial court's rejection of their counterclaim based on negligence on the ground that no finding was made in regard to the contributory negligence or proximate cause aspects of the claimed freezing factor as this related to the breaking of the copper elbow. Appellants also maintain that the trial court erred when it failed to make findings of facts and conclusions of law in regard to their breach of warranty and strict liability in tort theories of liability.

■ We hold that the trial court's failure to make a finding on the proximate cause aspects of the copper elbow breaking as it relates to the appellants' theories for recovery requires a return of the case to the trial court for further proceedings.

The pivotal issue in this action involved the question of what caused the copper elbow to break. The appellants maintained the cause was a flaw or defect. The respondent disagreed, and attributed the cause to the freezing temperature. Both sides introduced testimony to substantiate their position. Yet the trial court failed to resolve this critical question. Nowhere did it make a finding as to what caused the copper elbow to break.

The following findings of fact were made which relate to the copper elbow:

"10. During the installation of the materials, Perry Plumbing Co. furnished among other things, a copper elbow which was installed in the interior of a house being constructed for Paul Schuler and Dorin A. Schuler on the described real property.

11. The copper elbow was installed by Perry Plumbing Co. prior to December 24, 1971.

12. Paul Schuler and Dorin A. Schuler occupied the house located on the described property from approximately December 24, 1971 to January 8, 1972.

13. Subsequent to January 8, 1972 and after Paul Schuler and Dorin A. Schuler had departed from the house and while it was unoccupied, the said copper elbow ruptured, causing damage to the interior of the house.

1. *See* Saviers v. Saviers, 92 Idaho 117, 438 P.2d 268 (1968); Hyde v. Lawson, 94 Idaho 886, 499 P.2d 1242 (1972); Craig H. Hisaw, Inc. v. Bishop, 95 Idaho 145, 504 P.2d 818 (1972); I.R.C.P. 52(a).

2. Baker v. Ore-Ida Foods, Inc., 95 Idaho 575, 513 P.2d 627 (1973); Haggerty v. Western Barg, Inc., 94 Idaho 509, 492 P.2d 48 (1971); Church v. Roemer, 94 Idaho 782, 498 P.2d 1255 (1972); Sup.Ct.Rule 41, subd. 2.

14. The room in which the elbow ruptured was an unheated room; the outside temperature the night before the rupture was discovered was 27° below zero. The elbow which ruptured was located on an outside wall of the house."

Missing is the crucial finding as to whether it was a defect or the freezing weather which caused the elbow to break.

We deem a finding on the causation question essential to the ultimate judgment of the trial court on the issue of liability. Since it is the province of the trial court rather than the appellate court to determine factual questions,[3] this cause must be remanded for determination of this issue. It is a well established rule that the trial court must make findings upon each and every material issue arising from the pleadings, upon which proof is offered. Its failure to do so will necessitate a remand for additional findings, unless such findings would not affect the judgment entered.[4]

The purpose of the rule requiring the trial court to " * * * find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * * *"[5] is to assist the appellate court by affording it a clear understanding of the basis of the trial court's decision.[6] The absence of findings may be disregarded by the appellate court only where the record is clear.[7] In this case, the record is far from clear as to what caused the copper elbow to rupture. A resolution of this issue is neces-

sary for this Court to adequately assess the merits of appellants' appeal.

Respondent would have this Court limit its review to appellants' negligence claim and disregard their claims based upon warranty and strict liability in tort. Respondent argues that no hearing was held on appellants' motion to amend to conform to the evidence, nor was an order entered allowing the amendment. Respondent reasons that the assumption must be made that the amendment wasn't allowed. This is an incorrect assumption.

I.R.C.P. 54(c) provides in pertinent part,

" * * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

If recovery was sustainable under a warranty theory or in strict liability in tort, on remand it would be incumbent upon the trial court to make findings of fact and conclusions of law in this regard.

We affirm the trial court's judgment holding that appellants are indebted to respondent for $1,967.30, subject to possible offsets which the trial court on remand may find. The action is remanded for additional findings of fact and conclusions of law in conformance herewith, and thereafter judgment.

No costs allowed.

DONALDSON, SHEPARD, McFADDEN, and BAKES, JJ., concur.

---

3. I.R.C.P. 52(a).

4. Berlin Machine Works v. Dehlbom L. Co., 29 Idaho 494, 160 P. 746 (1916); Bentley v. Kasiska, 49 Idaho 416, 288 P. 897 (1930); Cheesbrough v. Jensen, 62 Idaho 255, 109 P. 2d 889 (1941); State v. Oster, 75 Idaho 472, 274 P.2d 829 (1954).

5. I.R.C.P. 52(a).

6. Merrill v. Merrill, 83 Idaho 306, 362 P.2d 887 (1961).

7. *Id.*