MICHAEL MORIARTY *vs.* SAMUEL K. BAILEY AND OTHERS.

If a partner applies partnership funds to the payment of his own debt, the money may be recovered back, although the creditor did not know that the funds belonged to the partnership.

But this rule would seem to need some qualification to prevent injustice to a creditor who has received payment of his debt and parted with security held for it, while having no knowledge or reason to suspect that the debt was paid with partnership funds.

Where a private debt thus paid was a note payable to *A* or order, and *A* had it discounted upon his endorsement at a bank, and the maker paid it to the bank when due with partnership funds, it was held that *A* was not chargeable with the partnership funds thus used, although he was endorser of the note and interested in its payment, the money having been received by the bank and not by him.

BILL IN EQUITY for the appointment of a receiver of partnership property and the settlement of the affairs of the partnership; brought to the Superior Court in Windham County. The question in the case arose on the report of a committee appointed to ascertain the partnership debts, and is fully stated in the opinion. The case was brought up by a motion in error.

*C. E. Perkins* and *C. E. Searls*, for the plaintiff in error.

*G. W. Phillips*, for the defendants in error.

LOOMIS, J. The partnership affairs of Moriarty & Bailey were placed by the court in the hands of a receiver, and a

committee was appointed to ascertain the partnership debts and liabilities. Among other claims presented was one in favor of S. L. & T. D. Sayles, which they had purchased of the trustees of the estate of Earl T. Mason. Against this claim a set-off was pleaded, based upon the following facts:— The trustees held a note, dated December 23d, 1876, against Moriarty and another, which belonged to Moriarty to pay. This note was payable to the order of the trustees at a bank in Providence, Rhode Island, and became due April 26th, 1877. The trustees indorsed the note and had it discounted at said bank, by which it was owned after January 1st, 1877, and until it was paid. Just before it fell due Moriarty, without the knowledge of his partner, drew a check on the funds of his firm, endorsed it, and sent it, with another check of his own, inclosed in a letter to Mason, Chapin & Co., requesting them to pay the note due April 26th at the bank. Chapin indorsed the checks with the name of his firm and sent them to the bank, by whom they were collected, and the note was paid and returned to Moriarty. The firm of Mason, Chapin & Co. consisted of Earl P. Mason, Chapin and two other persons. Earl P. Mason was one of the trustees. But neither Mason nor any other of the trustees had any knowledge of the manner in which the note was paid, unless the law infers it from the fact that Mason was a member of the firm.

Upon these facts the committee refused to make the set-off, on account of which a creditor of Moriarty & Bailey remonstrated, and the court having overruled the remonstrance, the question is brought to this court for review by a motion in error.

The legal proposition that, if a partner applies partnership funds to the payment of his own debt, the money may be recovered by the firm, although the creditor did not know that the funds belonged to the partnership, seems to be a well settled general rule. 1 Parsons on Contracts, 5th ed., p. 185; *Filley* v. *Phelps*, 18 Conn., 294; *Frink* v. *Branch*, 16 Conn., 260; *Yale* v. *Yale*, 13 Conn., 185; *Rogers* v. *Batchelor*, 12 Pet., 229; *Dob* v. *Halsey*, 16 Johns., 34; *Evernghim* v. *Ens-*

*worth*, 7 Wend., 326; *Eastman* v. *Cooper*, 15 Pick., 276; *Halstead* v. *Shepard*, 23 Ala., 558.

This rule, though generally laid down in the text books without qualification, yet seems to us to require some restriction for the protection of a private creditor who, in good faith, and with no circumstances to put him on enquiry, receives partnership funds in payment of his debt and discharges security held by him therefor, and, if compelled to refund the money so received, could not be restored to the situation he was in before the payment.

But, whatever may be the correct rule, the facts of this case make it unnecessary for us to apply it. We may assume that if the funds of Moriarty & Bailey, when applied to the private debt of the former, could be followed into the hands of the Mason trustees, the money could be recovered back by suit for that purpose, or the amount could be set off against their claim, though presented by their assignees. But the trustees, holding a note against Moriarty, had a right to get it discounted, and then it was the duty of Moriarty to pay it to the holders. After the note became the property of the bank Moriarty did pay it, sending the checks for convenience to the bank through the firm of Mason, Chapin & Co. The note being negotiable was payable, not simply to the trustees, but to *their order*, and when indorsed and discounted was payable to the bank as truly as if originally made so in terms. The bank therefore, and not the trustees, were the recipients of the partnership funds. It is true that the trustees, being contingently liable as indorsers to the bank, were thus indirectly benefited by the payment; but the debt when paid was not their debt, and the funds illegally used to pay it did not go into their hands.

There was no error in the judgment complained of.

In this opinion the other judges concurred.