A. H. Davis and another *vs.* N. B. Smith.

December 30, 1880.

**Payment of personal Debt by Partner with Firm Check—Creditor chargeable with Bank's Knowledge.**—H. and S. were partners. H. owed plaintiffs on his own account. They drew on him a draft for the amount of the debt, and sent it to a bank for collection. To pay the draft, H. drew his check on the bank for part of the amount, and the partnership check for the remainder, he and the firm both having accounts with the bank. *Held*, that knowledge by the bank that partnership funds were used in paying the draft charged plaintiffs with notice of that fact, and the *onus* is on plaintiffs to show authority in H. from his copartner to so employ the partnership funds. Evidence as to such authority considered, and *held* that the question ought to have been submitted to the jury.

Action to recover the price of goods sold and delivered by plaintiffs to defendant. The defendant, in his answer, admitted plaintiffs' cause of action, and, as a counterclaim, pleaded that plaintiffs had received from one J. S. Huntley certain moneys of the firm of J. S. Huntley & Co., (composed of Huntley and the defendant,) in payment of Huntley's individual debt to the plaintiffs, with knowledge that the moneys so received were moneys of the firm; and that such payment by Huntley was without the consent or knowledge of the defendant, and in violation of the terms of the partnership agreement between them.

At the trial in the district court for Wabasha county, before *Mitchell, J.*, it appeared that for some time prior to June 1, 1876, J. S. Huntley had been engaged in business at Mazeppa, in that county, and on that day was indebted to plaintiffs for goods bought of them in the sum of $849.34. On that day J. S. Huntley and the defendant formed a partnership under the name of J. S. Huntley & Co., and thereafter until March, 1878, carried on under that name the same business previously carried on by Huntley. The firm also dealt with plaintiffs. On June 1, 1876, the plaintiffs drew on J. S. Huntley for $814.54, part of his individual debt to them. The draft was dated at La Crosse, Wis., (the plaintiffs' place

of business,) and was payable to plaintiffs' order, and by them endorsed to the cashier of the Lake City Bank for collection, and sent to that bank to be collected. On June 2, 1876, Huntley accepted the draft in the name of the firm, and paid $500 thereon. This payment was made by his check against his individual account with the bank. On October 10, 1876, the balance then due on the draft—$323 —was paid by Huntley by a check of J. S. Huntley & Co. against the firm account. Both payments were made at the bank to its cashier, who remitted the amount to the plaintiffs, who had no knowledge as to how the payments were made by Huntley to the cashier.

There was also evidence that J. S. Huntley had the management of the firm business, the defendant being on his farm; that when the partnership was formed, it was agreed that $558 of the capital furnished by defendant should go to Huntley to pay his debt to plaintiffs, and that this sum was paid by defendant to Huntley at the Lake City Bank, on June 1, 1876, in the presence of the cashier, and was credited to defendant on the firm books; that defendant did not know until after the firm dissolved that Huntley had used the money of the firm to pay his individual debts, and that such use was without defendant's consent. There was no evidence as to what was done by Huntley with the $558 paid him by defendant. At the close of defendant's evidence, the court directed a verdict for plaintiffs for the full amount of their demand, the defendant duly excepting. A new trial was refused, and the defendant appealed.

*E. M. Card*, for appellant.

*W. J. Hahn*, for respondents.

GILFILLAN, C. J. The draft of plaintiffs on J. S. Huntley for $814.51 was upon a debt from him to them. They sent it for collection to the Lake City Bank. The bank was agent for them to collect the draft, and the knowledge which the bank had of a misappropriation by J. S. Huntley of the funds of the firm of J. S. Huntley & Co., in paying the draft,

was in law knowledge of the plaintiffs. One partner cannot,. without the consent, express or implied, of the other partners, use the funds of the partnership in paying his individual debt. A creditor receiving funds so misappropriated, knowing that they are so misappropriated, cannot retain such funds; and if he knows that such funds are partnership funds, the *onus* is on him to show the consent of the other partners. *Bank of Commerce* v. *Selden,* 3 Minn. 99 (155.)

This brings the case down to the question of fact, Did J. S. Huntley, in paying the draft, use the funds of the firm without authority of his partner, Smith? Of the draft, $500 was paid by him with his own funds,—that is, by his check drawn against his own account; $323 was paid by him with funds of the firm—that is, by the check of the firm drawn by him against the firm account. It appears that Smith, the defendant, at the time of entering the copartnership, paid Huntley $558, to be used by him in paying his debt to plaintiffs. From this fact authority in him to draw upon the firm funds to that amount in paying his debt is claimed. Whether it shows such authority depends on how it was paid by defendant to Huntley. If, as plaintiff contends, it was paid into and became part of the partnership assets, and, if deposited in the bank, was deposited to their credit, there can be no doubt Huntley had authority to draw on the firm funds to the amount of $558 to pay the specified debt. On the other hand, if, as defendant contends, it was paid to Huntley as his own money, and never went into and became part of the firm assets, but was retained by him in his individual account, then there was no part of the firm assets which he had authority to draw against to pay this debt. The evidence on the point is not clear, but leaves it in doubt whether the $558 was paid by defendant to Huntley as his individual property, or to become part of the capital and assets of the firm. It was a question for the jury, and should have been left to them to decide as best they could from the evidence.

Judgment reversed, and new trial ordered.