Rogers *v.* Betterton & Co.

ROGERS *v.* BETTERTON & Co.

(*Knoxville.* September 25, 1894.)

1. CHANCERY PRACTICE. *Waiver of demurrer.*

A demurrer separately filed, and overruled upon argument, with leave to rely upon it in the answer, is waived, though set up in the answer, unless it is again called up and disposed of before the cause is heard upon its merits. (*Post, pp. 632, 633.*)

Cases cited and approved: Boyd *v.* Sims, 87 Tenn., 774; Stephens *v.* Martin, 85 Tenn., 278; Kyle *v.* Riley, 11 Heis., 230; Caruthers *v.* Caruthers, 2 Lea, 77; Hardin *v.* Eagin, 2 Tenn. Ch., 39.

2. PARTNERSHIP. *Partner's powers.*

A partner cannot, without the assent of his co-partners, apply firm assets to the payment of his individual debts. And the creditor of a single partner, knowingly receiving firm assets in payment of his debt, must account to the firm for its assets thus misappropriated. (*Post, pp. 633–638.*)

Cases cited and approved: Foundry Co. *v.* Wisdom, 4 Lea, 699; Atkin *v.* Berry, 1 Lea, 91; 7 Wend., 326; 4 Johns., 251; 75 Va., 534; 94 Pa. St., 31–36; 33 La. Ann., 1455; 74 Mo., 138; 49 Miss., 761; 28 Ohio St., 55, 60; 46 Ill., 211; 54 N. H., 414; 18 Conn., 294; 15 Ala., 273; 10 Iredell, 89; 6 Jones, 44; 49 Ind., 530; 27 Minn., 390; 46 Ill., 211; 16 Johns., 34; 36 Wis., 131; 46 Conn., 592; 56 Mo., 558–562; 124 Ill., 474.

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

CLIFT & CANTRELL and EAKIN & DICKEY for Rogers.

Rogers *v.* Betterton & Co.

ROBT. P. WOODARD for Betterton & Co.

WILKES, J.   Betterton & Co. recovered judgment against Skipper & Rogers, as partners, before a Justice of the Peace, for $167 and costs, on February 9, 1892.   No defense was made by the defendants before the Justice of the Peace, and execution was stayed by them.

A few days thereafter, Rogers ascertained that two checks had been given to Betterton & Co., one for $50 and one for $40, for which the firm had received no credit.   Afterwards, and before the expiration of the stay, on August 29, 1892, Rogers, alone, filed this injunction bill, stating that, at the time the judgment was rendered, he did not know these checks had ever been given by the firm of Skipper & Rogers to Betterton & Co., and, hence, did not ask for a credit for the same on the trial before the Justice of the Peace; that he had since ascertained the fact, and asked that he be allowed credit for them, and that the judgment, to the extent of the two checks, be enjoined, and for general relief.   The bill states that Skipper, his co-partner, had become insolvent, and that that there were no funds of the firm of Skipper & Rogers out of which to re-imburse himself in case of payment by him; that Skipper had run the business, and that he (Rogers) did not know the firm was indebted to Betterton & Co. until they were sued before the Justice of the Peace. An injunction issued as asked.

Defendants, Betterton & Co., demurred to the bill on several grounds: (1) Because complainant's remedy, if he had any, was *certiorari* and *supersedeas* in the Circuit Court to correct error in the Justice's judgment. (2) The bill did not allege any fraud or wrong in the disposition of the two checks. (3) That complainant had been negligent in making his defense. (4) The bill did not show that the proceeds of the checks had been illegally or improperly applied. (5) Complainant's remedy is by a separate action to recover the amount of the two checks if they have been improperly applied and no proper credit given. (6) That while the injunction is against only a portion of the judgment of the Justice of the Peace, its necessary effect is to tie up the entire judgment, and prevent the collection of that portion which is not disputed.

This demurrer was set down for hearing, and, after argument, was overruled by the Court, but leave given defendants to rely on the same in their answer.

The answer filed states, in general terms, that defendants rely and insist on their demurrer heretofore filed in this cause, but it was not again called up for final action by the Court previous to the hearing. It has been repeatedly held that matters of demurrer must be set down for argument and disposed of before the hearing, or they will be treated as abandoned. *Caruthers* v. *Caruthers*, 2 Lea, 77; *Kyle* v. *Riley*, 11 Heis., 230; *Stephens* v. *Martin*, 1 Pickle, 278.

And when leave has been given to rely on a demurrer in the answer, the advantage of it will be lost, and the demurrer treated as waived, unless it is disposed of before the cause is heard upon its merits. *Boyd* v. *Sims*, 3 Pickle, 774. See also *Hardin* v. *Eagin*, 2 Tenn. Ch., 39.

And this rule holds good as well when there has been a preliminary hearing of the demurrer, and the same is overruled with leave to rely on it in the answer, as when it is incorporated in the answer without being separately filed. Whatever defects there may be in complainants' bill, raised by the demurrer filed, must be therefore considered as waived, because of the failure to have the matters of demurrer finally disposed of before the hearing upon the merits.

Coming, then, to the merits of the case, the record discloses that, prior to September 14, 1891, Skipper, of the firm of Skipper & Rogers, had been in business, and dealing with Betterton & Co., and had become indebted to them, on his individual account, in the sum of about $175. He had recently entered into partnership with Rogers, and was the active member of that firm, though Rogers furnished most of the money.

On September 14, 1891, Skipper went to the business house of Betterton & Co., and delivered to Cox, their book-keeper and salesman, the check for $50 referred to. At the same time he bought a bill of goods, amounting to $69.80, for the firm of Skipper & Rogers. These two persons wholly

disagree as to what was said about the application of the check, Skipper insisting that he directed it to be applied, so far as it would go, on the bill of goods that day bought by Skipper for Skipper & Rogers, while Cox insists that Skipper directed the check to be applied to his separate antecedent account, and that he afterwards sold him the bill for Skipper & Rogers on sixty days' time. Afterwards the second check, for $40, was sent, and the like controversy arises in regard to it, Skipper insisting that it was directed to be placed to credit of Skipper & Rogers on their account, and Cox that Skipper's directions were to apply it, also, to his old account, and that, although Skipper & Rogers had bought other bills in the meantime, all of them were on a credit, and none of them were due when the checks were received.

It clearly appears that Cox knew that the checks were drawn against the funds of Skipper & Rogers. They were signed in the name of the firm, and Cox says he noticed this fact at the time, and asked Skipper if Rogers had become a partner, and was told he had, and, for that reason, he was anxious to sell him the bill of goods for the new firm on a credit. It clearly appears from the record, that Rogers, the other partner, did not know of the giving of these checks, nor of the application of their proceeds to Skipper's antecedent debts to Betterton & Co. While it appears clearly that Skipper was the active manager of the firm of Skipper & Rogers, and, as such, must be

presumed to have authority to draw checks for the firm, yet they could only be drawn for firm account, and their proceeds applied to firm purposes, and neither Skipper nor Cox had any authority to apply them to the antecedent debts of Skipper, unless the consent of Rogers was obtained thereto, or he afterwards assented to such appropriation. The law upon this question is well settled.

In the leading case of *Rogers & Sons* v. *Batchelor et als.*, it was held by the Supreme Court of the United States that one partner cannot apply the funds of the partnership to the discharge of his own separate pre-existing debts without the express or implied assent of the other partners, and it makes no difference, in such case, that the creditor did not at the time know that the fund was partnership property. 12 Peters, 221. See also *Dobs* v. *Halsey*, 16 Johns., 34.

The general rule is, that one partner may not use the firm assets in payment of his individual debts, but if the co-partner expressly or impliedly assent thereto, or afterwards ratify the act, the payment will be held good. *Everyhire* v. *Ensworth*, 7 Wend., 326; *Livingston* v. *Roosevelt*, 4 Johns., 251; *Liberty Savings Bank* v. *Campbell*, 75 Va., 534; *Hartley* v. *White*, 94 Pa. St., 31–36; *Allen* v. *Cary*, 33 La. Ann., 1455; *Forney* v. *Adams*, 74 Mo., 138; *Sligall* v. *Caney*, 49 Miss., 761; *Thomas* v. *Punich*, 28 Ohio St., 55, 60; *McNair* v. *Platt*, 46 Ill., 211; *Caldwell* v. *Scott*, 54 N. H., 414; *Filley* v. *Phelps*, 18 Conn., 294; *Burnwell* v.

*Springfield,* 15 Ala., 273; *Norment* v. *Johnson,* 10 Iredell, 89; *Carter* v. *Beaman,* 6 Jones, 44; *Conant* v. *Fray,* 49 Ind., 530.    See also *Atkin* v. *Berry,* 1 Lea, 91.

The rule as laid down in Parsons on Partnership, Sec. 135 (4th Ed.), is substantially as follows: He who knows that the partner's act is not within the firm's business, knows it is not authorized, and when he sees that the partner is acting for his individual and separate benefit, he cannot *presume* that it is authorized by the firm.    See also Parsons on Partnership, Secs. 90 and 91.

A large class of cases hold that, when the creditor has knowledge of the fact, expressly or impliedly, the burden is upon him to show that the partner had authority to use the firm's property to pay his private debts.    *Davis* v. *Smith,* 27 Minn., 390; *McNair* v. *Platt,* 46 Ill., 211.    And the mere fact that the partner states that he has consent of his co-partner is not sufficient.    *Allen* v. *Cary,* 3 La. Ann., 1455–1460.

The case of *Dobs* v. *Halsey,* 16 Johnson, 34, states the rule to be in England that the burden of proof is on the co-partner to show his dissent or want of knowledge, while, in the New York Courts, it is on the separate creditor to show the assent of the whole firm.    In the same case it is held that money thus paid may be recovered back by the partnership.    *Dobs* v. *Halsey,* 16 Johns.; 34; 8 Am. Dec., 293, note 297.    And this is supported by many cases.    *Forney* v. *Adams,* 74 Mo.,

138; *Viles* v. *Bangs,* 36 Wis., 131; *Burnwell* v. *Springfield,* 15 Ala., 273; *Moriarity* v. *Bailey,* 46 Conn., 592.

Many of the cases go to the extent of holding that, though the separate creditor may not have known that the funds used were partnership funds, still the rule applies. 75 Va., 539; 54 N. H., 474. *Ackley* v. *Stocklin,* 56 Mo., 558–562; *Moriarity* v. *Bailey,* 46 Conn., 592. See *Davis* v. *Atkinson,* 124 Ill., 474; 7 Am. State Reports, note, 378–380. See also *St: Louis Type Foundry Co.* v. *Wisdom,* 4 Lea, 699.

In the case at bar we have one partner, without the knowledge of his co-partner, applying the firm's money to the payment of his antecedent debt. The creditor knew that the funds being used were those of the firm of Skipper & Rogers, and not of Skipper, and he could not apply such funds to Skipper's individual, antecedent debt, except by the assent of the co-partner, Rogers. The money thus paid was improperly diverted from the firm's purposes to the individual part- ner's purposes, and complainant is entitled to have credit for the same as against the debt held by the firm. of Betterton & Co. against Skipper & Rogers, and, the demurrer being out of his way, may have such credits applied in this case, al- though after the judgment was rendered before the Justice of the Peace.

The decree of the Chancellor is reversed, and

complainant will have credit for the amount of the two checks, and proper interest from the time they were paid to Betterton & Co. The costs of the cause in this Court and in the Court below will be paid by defendants, Betterton & Co.