### UNITED STATES EXCH. BANK v. ZIMMERMAN.

(Supreme Court, Appellate Term.   November 24, 1908.)

1. BILLS AND NOTES (§ 340*)—INDORSEMENT—NOTICE.

That the maker of a note gave as collateral a note indorsed by him and by a firm of which he was a partner charged the payee to inquire whether the maker rightfully indorsed the firm name; that the note secured was discounted for the maker individually raising the presumption that it was not a partnership affair.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 846; Dec. Dig. § 340.*]

2. PARTNERSHIP (§ 146*)—SECURITIES—DISCHARGE OF INDIVIDUAL CLAIMS—FRAUD—PRESUMPTION.

The unexplained fact that a partnership security has been received from a partner to discharge an individual claim against him shows fraud, which the recipient must rebut by showing either that the partner acted with authority, or that he had good reason to believe so.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 251½; Dec. Dig. § 146.*]

3. PARTNERSHIP (§ 146*)—NOTES—RECEIPT FOR INDIVIDUAL CLAIM—REMEDY.

One taking a partnership note from one of the members for the member's individual debt without consulting or apprising the other members of his intention or obtaining their consent has recourse against the member only.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 251½; Dec. Dig. § 146.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Action by the United States Exchange Bank against Frank W. Zimmerman, impleaded. From the judgment, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Dutton & Kilsheimer, for appellant.

Hitchings & Palliser (Lynn W. Thompson, of counsel), for respondent.

MacLEAN, J. For half a year or so the plaintiff had dealings with one Gerber, discounting his paper, including notes signed by one Von Driesch and indorsed with the names of Gerber and Zimmerman and Frederick A. Gerber, and taking collateral he offered. It had no dealings with Zimmerman or with the firm of architects composed of and styled Gerber & Zimmerman. Zimmerman did not know of the bank's existence. A note of Gerber for $500 falling due August 20, 1906, the bank took from him $100 and a new note for $400, with as collateral some shares of Hudson Company Ice stock and a note for $400 drawn by one Miller to the order of Henry Soltong, and indorsed by Soltong and also indorsed by Gerber with the names Gerber and Zimmerman and Frederick A. Gerber. Substituting $500 for $400, and setting back the date to June 20th, this was substantially a repetition of the transaction had on the bank's taking the note which fell due August 20th. The circumstances were sufficient to put the bank's officials to inquire whether Gerber, getting a discount for himself, were rightfully or wrongfully indorsing the name of the firm, were acting in the firm's business and creating an obligation of the firm. The fact testified to by the cashier and by the former vice president of the bank, that the note to which this was collateral was discounted for Gerber, raised the presumption that it was not an affair of the partnership. "The transaction indicated that the money was for Gilson's [Gerber's] use, and not raised on the partnership account." Lord Kenyon in Arden v. Sharpe and Gilson, 2 Esp. 524. This is an old citation, but its force is of the law of this state as uniformly held since Livingston v. Hastie, 2 Caines, 246, in 1804. It is now established that the unexplained fact that a partnership security has been received in discharge of a separate claim against himself is a badge of fraud which it is incumbent on the party who takes the security to remove by showing either that the party from whom he received it acted with the authority of his partners or that he himself had good reason to believe so. The omission to make an inquiry so customary, so perfunctory, exhibits heedlessness or a purpose not to scrutinize, perhaps expectation that the signature of one partner would cause the other to see it through, as sometimes forged paper is the better security for a loan. It happens also that Gerber had no right to sign "Gerber and Zimmerman" to anything at the time, for the partnership had ceased seven weeks previously by dissolution. For retrospective lights, it may be noted that the bank returned the ice stock and other collateral to Gerber before the trial, and that neither Gerber nor Son-

tong was served with a summons. "When any one takes a partnership note from one of the company for what he knows to be his particular debt, without consulting or apprising the other members of his intention or obtaining their consent, there is no hardship in confining his remedy to the one whose debt it is." The judgment against Zimmerman should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, P. J., concurs.    SEABURY, J., concurs in result.