(June 21, 1918.)

## F. W. REDFIELD, Appellant, v. A. R. WELLS et al., Respondents.

[173 Pac. 640.]

BILLS AND NOTES—HOLDER IN DUE COURSE—PARTNERSHIP.

1.  A payee of a negotiable instrument may become a holder thereof in due course under the provisions of the negotiable instrument law, Civ. Code, tit. 13.

2.  Under the negotiable instrument law one who knowingly receives partnership security in discharge of a separate pre-existing indebtedness of one of the partners is required to make due inquiry as to the authority of the partner to use the security for his individual benefit, and the law imputes to him a knowledge of the facts which proper inquiry would disclose.

3.  A creditor cannot apply funds of a partnership to payment of the separate pre-existing indebtedness of one of the partners without the consent of the remaining members of the firm.

[As to misapplication of partnership property by partner to the payment of his personal debt, see note in 7 Am. St. 377.]

APPEAL from the District Court of the Fourth Judicial District, for Gooding County.   Hon. F. J. Cowen, Judge.

Action on account for goods sold and delivered.   Judgment for defendants.   *Affirmed.*

T. Bailey Lee, for Appellant, cites no authorities on points decided.

A. F. James, for Respondents.

A partner may not use the firm assets, or make a valid transfer of the firm property in payment of his individual debts, and if he attempts to do so, such property or funds may be recovered from the party so receiving them. (7 Am. St. 377, 378, 380, notes; 30 Cyc. 501.)

The plaintiff is in no sense a purchaser of the check nor a holder thereof in due course, and therefore the rule of law relative to purchasers in due course of negotiable instruments has no bearing on the case, and the question cannot be solved by a reference to the laws of negotiable instruments. (*Bowles Co.* v. *Clark* (*Fraser*), 59 Wash. 336, 109 Pac. 812, 31 L. R. A., N. S., 613.)

RICE, J.—On March 7, 1913, respondents Wells, Fletcher and Nelson, a copartnership under the name of the Hagerman Valley Bee & Honey Company, drew a check for $550 payable to the Superior Honey Company, the trade name of appellant. The appellant at that time, and for some time prior thereto, had been conducting his business at Ogden, Utah. The check was delivered to one M. A. Gill, with instructions to forward it to appellant in payment of certain supplies then to be ordered. Gill, however, delivered it to the appellant with instructions to apply it upon his personal indebtedness created prior thereto, and at the same time ordered certain supplies from appellant for the use of the copartnership. The supplies were furnished by the appellant for the respondents. This suit was brought by appellant to recover for the supplies so furnished. At the close of the testimony the court directed a verdict in favor of respondents.

Appellant made Gill a defendant in the action, and alleged that he was a member of the partnership together with Wells, Fletcher and Nelson. Gill made default. Judgment was entered in favor of respondents, and against defendant Gill. The appeal is from the judgment in favor of respondents and against appellant.

Appellant still contends that Gill was a member of the partnership. Respondents, while denying in their answer that

Gill was a member of the firm, in this court concede that he was one of the partners.

Rev. Codes, sec. 3642, defines a check to be a bill of exchange drawn upon a bank payable on demand, and further provides that the negotiable instrument law is applicable to checks, except as otherwise provided. By Rev. Codes, sec. 3482, an antecedent pre-existing debt constitutes value. Appellant in this case was the payee. It was urged upon the argument that being the payee he was an immediate party to the instrument, and could not be considered a holder in due course. On this question there is a divergence of opinion between the courts of the states which have adopted the uniform negotiable instrument law.

We are of the opinion that a consideration of the different provisions of the negotiable instrument act, and particularly a careful application of the definition of the expressions "holder," "holder in due course," and "negotiate," contained in the act, requires us to hold that a payee of a negotiable instrument may become a holder thereof in due course. The better reasoned authorities support this view. (*Boston Steel & Iron Co. v. Steuer*, 183 Mass. 140, 97 Am. St. 426, 66 N. E. 646; *Liberty Trust Co. v. Tilton*, 217 Mass. 462, 105 N. E. 605, L. R. A. 1915B, 144; *National Investment & Security Co. v. Corey*, 222 Mass. 453, 111 N. E. 357; *Colonial Fur Ranching Co. v. First Nat. Bank*, 227 Mass. 12, 116 N. E. 731; *Ex parte Goldberg & Lewis*, 191 Ala. 356, 67 So. 839, L. R. A. 1915F, 1157; *American Exchange Nat. Bank v. Ulm*, 21 Mont. 440, 54 Pac. 563; *Empire Trust Co. v. President etc. Manhattan Co.*, 97 Misc. Rep. 694, 162 N. Y. Supp. 629; *McDonough v. Cook*, 19 Ont. Law Rep. 267; *Bergstrom v. Ritz-Carlton Restaurant & H. Co.*, 171 App. Div. 776, 157 N. Y. Supp. 959. See, also, the concurring opinion of Fletcher Moulton, L. J., in the case of *Lloyd's Bank v. Cooke*, 1 K. B. 794 (1907), 8 Ann. Cas. 182.)

In view of the admission of respondents in this court, however, appellant received the check from a member of the partnership in payment of the partner's individual pre-existing indebtedness.

Rev. Codes, sec. 3513, is as follows: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

This section is applicable in the case of one who knowingly receives partnership security in discharge of a separate claim against one of the partners. (*Coffin v. Tevis,* 164 App. Div. 314, 149 N. Y. Supp. 986.) It is true that Rev. Codes, sec. 3516, provides that every holder is deemed *prima facie* to be a holder in due course, but in the case at bar the facts themselves destroy the presumption of good faith in favor of the holder. It was incumbent upon him to make inquiry as to the authority of the partner to use the security for his individual benefit. (*United States Exchange Bank v. Zimmerman,* 113 N. Y. Supp. 33.)

This is not a case of mere suspicious circumstances under which there was nothing more than negligence on the part of the appellant in failing to make due inquiry, so that the question of his good faith becomes one for the jury (*Everding & Farrell v. Toft,* 82 Or. 1, 150 Pac. 757, 160 Pac. 1160); but this is a case where the circumstances are of so suspicious a nature that the law imposes upon the transferee the duty of making reasonable inquiry and imputes to him a knowledge of the facts which proper inquiry would disclose. This principle applies to one accepting negotiable securities from members of a partnership, an officer of a corporation, or a person occupying a fiduciary relationship, where the transferee takes paper of such partnership, corporation or *cestui que trust* with knowledge that it is being used for the individual benefit of the person negotiating it. (*Palo Alto Building & Loan Assn. v. First Nat. Bank,* 33 Cal. App. 214, 164 Pac. 1124; *Ward v. City Trust Co.,* 192 N. Y. 61, 84 N. E. 585; *Gerard v. McCormick,* 130 N. Y. 261, 29 N. E. 115, 14 L. R. A. 234; *Rochester & C. T. R. Co. v. Paviour,* 164 N. Y. 281, 58 N. E. 114, 52 L. R. A. 790; *Newburyport Inst. for Savings v. Brookline,* 220 Mass. 300, 107 N. E. 939.)

The record in this case shows that Gill was not authorized, expressly or impliedly, to use the check in question in payment of his individual indebtedness, and it is admitted by appellant that he made no inquiry as to the right of Gill to so use the check.

The appellant not being a holder of the check in due course could not apply the funds of the firm in payment of the separate pre-existing debt of Gill without the consent of the remaining members of the partnership (*Rogers v. Batchelor,* 12 Pet. (U. S.) 221, 9 L. Ed. 1063; *Dob v. Halsey,* 16 Johns. (N. Y.) 34, 8 Am. Dec. 293), and the partnership was entitled to have credit for the proceeds of the check. (*Rogers v. Betterton,* 93 Tenn. 630, 27 S. W. 1017.)

The judgment is affirmed. Costs awarded to respondents.

Budge, C. J., and Morgan, J., concur.